## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN KNIGHT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| RMG SPORTS GROUP INC., | ) | JURY TRIAL REQUESTED |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, Jonathan Knight, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, and compensatory damages, for Defendant's violation of the FLSA. Plaintiff also seeks damages under the Employee Retirement Income Security Acts of 1974 ("ERISA") and Internal Revenue Code 28 U.S.C. §§ 1331, 1340, and 2201. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states as follows as his Complaint in this matter:

## I.     JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §§§1337, 1340, and 2201 this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.     PARTIES

4.

Plaintiff is an adult resident citizen of Cobb County, Georgia.

5.

Based upon Plaintiff's information and belief, Defendant is a domestic corporation existing under the State laws of Georgia.  Defendant lists its principal place of business as 4707 Ashford Dunwoody Road, Suite 468232, Atlanta, Georgia 31146.

6.

Service of process for Defendant can be effectuated through its registered agent, Norman Washington, 4707 Ashford Dunwoody RD, Ste 468232, Atlanta, Georgia 31146.

7.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

9.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

10.

Defendant describes is a licensed and bonded freight shipping and trucking company running freight hauling long distance and short distances or "hot shot" hauling.

11.

Defendant is engaged in interstate commerce for purposes of the FLSA. Specifically, Defendant engages in interstate commerce by engaging in business that crosses state lines, recurrently utilizing instrumentalities of interstate commerce, such as the processing electronic payments via the internet and utilize telephones, among others.

12.

Defendant directed Plaintiff to individually engage in interstate commerce, by recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet in his work, and requiring the Plaintiff to cross state lines in the performance of his work.

13.

Plaintiff as part of his job duties regularly engages in interstate commerce, by by regularly and recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet in his work and crossing state lines in the performance of his work.

14.

Plaintiff was employed in positions that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

15.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

16.

Plaintiff was employed as a driver from November 2019 through December 2019.

17.

During times relevant to this Complaint, Defendant compensated Plaintiff on a "piece-rate" basis.

18.

Defendant classified Plaintiff as an independent contractor.

19.

Defendant controlled Plaintiff's work, by specifically assigning the delivery jobs that Plaintiff performed, forcing him to only take jobs according to those the company selected.

20.

At the time that Plaintiff sought work with the Defendant he was required to complete an employment application.

21.

Plaintiff did not seek to work for the Defendant as an independent contractor, rather Defendant determined how it would engage Plaintiff to perform the work.

22.

The Defendant provided Plaintiff with the contract to engage him as an independent contractor.

23.

The Defendant unilaterally set the rate and method of compensation.

24.

The Defendant supplied the vehicle and other equipment that was necessary for Plaintiff to perform the duties of his job.

25.

The Defendant exclusively controlled Plaintiff's work activities, including telling Plaintiff when and where he needed to perform the duties.  In fact, the Defendant specifically controlled the delivery jobs that Plaintiff performed, forcing him to only take jobs according to those the Defendant coordinated and restricted him from taking other jobs with other companies.

26.

Additionally, while waiting for his next assignment, Plaintiff would have to contact the Company at 7 AM, 12 PM, 3 PM and 6 PM, and was expected to be immediately available for work when he called.  With being forced to remain at the location and available for work until the next assignment came through, Plaintiff had no opportunity for profit or loss as he was unable to control the hours worked.

27.

On account of being classified as an independent contractor, Plaintiff was paid only the straight time for the hours he worked.

28.

Plaintiff worked in excess of forty (40) hours per week and submitted this time to the Defendant for compensation.

29.

The Defendant's classification of Plaintiff as an independent contractor resulted in the denial of Plaintiff's ability to collect all compensation for hours worked at both the straight time and overtime rates.

30.

By classifying the Plaintiff as an independent contractor, the Defendant has failed to pay legally required employment taxes to both the United States government taxing authority and the State of Georgia government taxing authority.

31.

Plaintiff has been misclassified as independent contractors under the FLSA, and the Internal Revenue Code, as he is an employee as defined by 29 U.S.C. § 203(e) and 26 U.S.C. § 3121(d)(2).

32.

Plaintiff is not exempt from the FLSA, which entitles him to be paid the overtime premium for any hours worked in excess of forty (40) in any work week.

33.

Plaintiff was, as a matter of economic reality, dependent on the Defendant. Plaintiff worked in a fulltime capacity for the Defendant and his earning from the Defendant were his primary source of income.

34.

Plaintiff's work as a driver for the Defendant was an integral part of the Defendant's business, in fact it was the very means by which the Defendant generated revenue.

35.

Plaintiff's work was manual in nature, and is considered blue collar worker, which the FLSA specifically seeks to protect.

36.

Plaintiff was not free from work until a specific hour but had to be available at the Company's demand. This wait period was only relived between the hours of 7 PM to 7 AM, when the Defendant was no longer open for business.

37.

Plaintiff was paid a flat rate and had no opportunity for profit or loss depending on other work skills.

38.

Plaintiff provided no equipment or facility space of his own and was entirely reliant on Defendant to provide the equipment and facility space.

39.

The Defendant dictated Plaintiff's schedule, assigned him to specific jobs, and mandated that he report for work at specific times and dates determined by the Defendant.

40.

Plaintiff was entitled to full pay for each hour worked and overtime pay for each hour worked in excess of forty (40) in the workweek.

41.

The Defendant has not provided Plaintiff with the benefits to which he would have been entitled if properly classified as an employee.

42.

Plaintiff has been denied worker's compensation benefits, unemployment benefits, *etc.* as a result of Defendant's misclassification.

43.

Defendant has willfully failed to comply with the overtime wage provisions of the FLSA, 29 U.S.C. §207, specifically, by misclassifying Plaintiff as an independent contractor and failing to pay Plaintiff the overtime premium.

44.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

45.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA, resulting in substantial unpaid overtime wages.

46.

Plaintiff is entitled to the number of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

47.

Defendant has not made a good faith effort to comply with the FLSA.

48.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

49.

Plaintiff has not plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

50.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay for the premium overtime rate for those hours suffered over forty (40) hours.

51.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

52.

Plaintiff is entitled to the number of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

## IV.  COUNT ONE: CLAIM FOR FEDERAL DAMAGES DUE TO MISCLASSIFICATION UNDER 26 U.S.C § 7434 AND 29 USC § 1001, *et seq.*

53.

Plaintiff incorporates by reference paragraphs 1 – 52 as if fully set forth herein.

54.

By misclassifying Plaintiff as an independent contractor, Defendant willfully filed fraudulent 1099 information returns under 26 U.S.C. § 7434, with respect to payments purported to be made to Plaintiff.

55.

Defendant's fraudulent 1099 information returns regarding Plaintiff was willful because Plaintiff repeatedly asked Defendant to remedy the misclassifications; Defendant knew that the Plaintiff was wrongfully misclassified, and Defendant refused to correct the misclassification during times relevant.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Plaintiffs seek $5,000 for each year Defendants filed such fraudulent 1099 information returns, or, if greater, Plaintiff's actual damages, including, inter alia, loss of benefits, loss of tax contributions, unemployment payments, costs of this action; and attorney's fees;.

B.    Plaintiff further seeks ERISA damages and attorney's fees under 29 U.S.C. § 1132 for denial of benefits to which he would have been entitled if not willfully misclassified; and

C.      Such other legal and equitable relief including but not limited to, any

       injunctive and/or declaratory relief, to which he may be entitled.

## V.   COUNT TWO: CLAIM FOR STRAIGT TIME AND OVERTIME WAGES

56.

Plaintiff incorporates by reference paragraphs 1 – 55 as if fully set forth herein.

57.

Plaintiff worked over forty (40) hours per week during the course of his employment with the Defendant.

58.

Plaintiff was required to be available to work and was required to contact the Defendants at prescribed times, while waiting for assignments ("Wait Time")

59.

The Defendant's payment of the flat rate was paid to compensate Plaintiff for the delivery jobs.

60.

Plaintiff was not compensated for his Wait Time.

61.

The failure to compensate Plaintiff for his Wait Time has resulted in a substantial failure to pay wages at both the straight time rate and the overtime rate.

62.

The Defendant has failed to compensate Plaintiff at the overtime rate despite working substantial hours in excess of forty(40) in each workweek.

63.

Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation.

B.    Payment of an equal number of liquidated damages pursuant to the FLSA.

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which he may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 10th day of June, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

*/s/ Nicholas Martin*
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
1742 Mount Vernon Road
Suite 300
Dunwoody, Georgia 30338
Phone: (770) 450-6155

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF GEORGIA
## ATLANTA DIVISION

JONATHAN KNIGHT,            )
                            )
    PLAINTIFF,              )
                            )
v.                          )         CIVIL ACTION NO.:
                            )
RMG SPORTS  GROUP, INC.,    )         JURY TRIAL REQUESTED
                            )
    DEFENDANT.              )
_____)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted, this 10th day of June, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

*/s/ Frank DeMelfi*
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com